**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| TARA SMITH )<br>      Plaintiff )<br>)<br>v. )<br>)<br>GREYSTONE ALLIANCE LLC )<br>)<br>      Defendant. ) | JURY DEMAND |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff seeks redress in this action for defendant's debt collection practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, and 15 U.S.C. § 1692k(d) (FDCPA). Venue in this District is proper because plaintiff resides here and defendant transact business here.

**PARTIES**

3. Plaintiff Tara Smith resides in Chicago, Illinois.

4. Defendant Greystone Alliance LLC is a New York limited liability company with CT Corporation located at 208 S. LaSalle St. Ste. 814, Chicago, Il. 60604 as its registered agent in Illinois.

5. Defendant regularly uses the mail and telephone to attempt to collect

consumer debt and is a debt collector under the FDCPA.

## FACTS

6. Greystone Alliance LLC mailed Ms. Smith a debt collection letter that was dated August 13, 2009. This letter asserted that Greystone Alliance was a debt collector.

7. On August 14, 2009 at 4:40 p.m. and before Ms. Smith received the letter dated August 13, 2009, a Mr. Garner from Greystone left a message on Ms. Smith's telephone voice mail for her to call back regarding a legal matter and to call 716.218.4800 ext. 2018. The message does not refer to any debt and does not state that it was from a debt collector.

8. On August 14, 2009 around 6:00 p.m., Ms. Smith returned Mr. Garner's telephone call.

9. At this time, Mr. Garner revealed that the call was concerning a purported past due debt.

10. In the middle of the conversation, Mr. Garner asserted that he had already spoken to Ms. Smith's business partner and she was not pleased with Ms. Smith regarding this mater.

11. Mr. Garner asserted that in his research of plaintiff, he discovered that she had a business partner.

12. On August 18, 2009, Greystone left another voice mail message for Ms. Smith stating to call Greystone at 877.789.1770 concerning a business matter. This message did state that it was left by a debt collector.

13. On September 8, 2009, a Mr. Schaff or Mr. Schad from Greystone left a voice message for Ms. Smith to call immediately. This message did not state it was from a debt collector.

**Third Party Contact**

14. According to Oneta Sampson, the business partner, she received a voice mail on August 14, 2009 at 4:45 p.m. stating that a person was calling for Tara in regards to file number 2349796 and to return his call at 716.218.4800 ext. 2018.

15. Shortly thereafter, Mr. Garner telephone Ms. Sampson again and spoke to her. He asserted that he knew Ms. Sampson was Ms. Smith's business partner and he wanted her to deliver a message and that she should know who she was doing business with.

16. Greystone called Ms. Sampson again regarding this matter and refused to stop calling her despite her requests to do so and even when it knew that they were calling her rather then Tara Smith.

17. One of those calls was on August 21, 2009, in which Greystone left another voice mail for purportedly Tara Smith stating to call Victoria Pearson at 888.720.4798 ext. 2010. The message does not refer to any debt and does not state that it was from a debt collector.

18. On August 21, 2009, Greystone knew that it was calling Ms. Sampson's telephone number as it had already spoken to Ms. Smith regarding the purported debt, had already admitted it called Ms. Smith's business partner in order for her to know who she was doing business with and already refused to stop calling Ms. Sampson.

19. Ms. Smith called and filed a complaint with the FCC, reference number 23740283 regarding this matter.

## COUNT I - FDCPA

20. Plaintiff incorporates the above factual allegations herein.

21. Defendant's practice of calling debtors and leaving voice-messages that do not disclose that the message is from a debt collector violates the FDCPA. *Foti v NCO Fin. Sys.*

*Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006).

22. Defendant violated the FDCPA 15 U.S.C. §§ 1692e and 1692f by leaving voice-messages that do not disclose that the message is from a debt collector.

## CLASS ALLEGATIONS

23. Plaintiff brings this claims on behalf of a class.

24. The class consists of all natural persons in the state of Illinois to whom defendant left voice-messages that do not disclose that the message is from a debt collector on or after January 1, 2009, and on or before September 8, 2009.

25. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

26. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's actions violate the FDCPA.

27. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

28. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

29. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

    a. Statutory damages;

      b.      Attorney's fees, litigation expenses and costs of suit;

      c.      Such other or further relief as the Court deems appropriate.

## COUNT II - FDCPA-Individual Claim

30.      Plaintiff incorporates all previous factual allegations herein.

31.      Defendant violated the FDCPA, 15 U.S.C. § 1692c(b), by communicating with Ms. Sampson regarding plaintiff's debt.

32.      Defendant violated the FDCPA, 15 U.S.C. § 1692d, by attempting to harass and annoy plaintiff into paying the debt.

33.      Defendant violated the FDCPA, 15 U.S.C. § 1692e, by using deceptive means to attempt to get Ms. Smith to pay the debt.

34.      Plaintiff was damaged by these actions as she suffered damage to her reputation, stress and inconvenience as a direct result of defendant's actions.

WHEREFORE, plaintiff requests damages in the sum of:

1.      Actual damages;

2.      Statutory damages;

3.      Attorney fees for this lawsuit, along with costs pursuant to 15 U.S.C. §1692k; and

4.      Any other relief the Court deems just and proper.

Respectfully submitted,
Tara Smith, Plaintiff

/s/ Keith J. Keogh
By Her attorney

Keith J. Keogh
Ainat Margalit
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe St., Ste. 2000
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Keith J. Keogh

## NOTICE OF ATTORNEY'S LIEN

  Please take notice that plaintiff, Tara Smith (hereinafter referred to as Claimant) has placed in our hands for suit or collection a certain suit, claim, demand or cause of action as a result of the actions of the defendant as set out in the attached complaint. You are hereby notified that said Claimant has entered into a contract with us to pay as compensation for services rendered in and about the prosecution of said suit, claim, demand or cause of action, a sum equal to our fees or one-third of any amount recovered by way of suit settlement, adjustment or otherwise plus expenses.

  You are further notified that by virtue of the Attorney's Lien Law of Illinois, Chapter 13, Illinois Revised Statutes, Section 14, as amended, we claim a lien to the extent of our interest, as above set forth in said claim, demand, suit or cause of action, which lien by virtue of said law, attached to any verdict, judgment or order entered and to any money or property which may be recovered on account of such suit, claim, demand or cause of action, from and after service of this Notice.

                 By: /s/Keith J. Keogh
                    Attorney for Claimant