IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARA SMITH, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ) <br> GREYSTONE ALLIANCE LLC, ) <br> ) <br> Defendant. ) <br> ) | No. 09 C 5585 <br><br> The Honorable William J. Hibbler |

MEMORANDUM OPINION AND ORDER

Tara Smith alleges that Greystone Alliance LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. According to Smith, three Greystone employees left messages on her telephone's voice mail and did not identify that the message was left by a debt collector. Smith now seeks to certify a class based on her allegations. Greystone opposes Smith's motion.

**I. Factual Background**

On August 14, 2009, before Greystone had contacted Smith with a letter informing her that it was a debt collector, a Greystone employee who identified himself as Mr. Garner, left a voice mail message for Smith that did not refer to any debt nor state that it was a communication from a debt collector. Instead, Garner informed Smith that he was calling regarding a legal matter and requested that she call back. Smith returned the phone call and during that call Garner informed Smith that the call concerned a past due debt.

Four days later, another Greystone employee left a message for Smith. This message instructed Smith to call concerning a business matter and, like Garner's message, did not inform her

1

that it was a communication from a debt collector. A few weeks after the second call, Michael Schad, another Greystone employee, left a third message for Smith. Schad instructed Smith to call immediately and did not inform her that he called on behalf of a debt collector. Moreover, during this same period, Greystone employees also called Smith's business partner, Oneta Sampson, and never informed her that they were calling on behalf of a debt collector.

Smith argues that Greystone's practice of calling debtors and leaving messages that do not disclose that the message is from a debt collector violates 15 U.S.C. § 1692e(11) and § 1692f. She seeks to certify a class that consists of all natural persons in the state of Illinois with whom Greystone left messages between January 1, 2009 and September 8, 2009, that do not disclose that the calls are made by a debt collector.

## II. Analysis

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions. Fed. R. Civ. P. 23. In order to certify a class, a court must find that all of the requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation) have been met. Fed. R. Civ. P. 23(a); *Harper v. Sheriff of Cook County*, 581 F.3d 511, 513 (7th Cir. 2009). In addition, a court must find that one subsection of Rule 23(b) is satisfied. Fed. R. Civ. P. 23(b); *Harper*, 581 F.3d at 513. In deciding whether to certify a class, courts generally may not analyze a class's claims on the merits. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974).

*A.    Numerosity*

Greystone argues that the class is not sufficiently numerous to warrant class treatment. Greystone asserts that it utilized a script that complied with the requirements of the FDCPA. It

2

further asserts that it "has determined that what occurred in the Plaintiff's case was anything but a typical occurrence" because the three collectors who left messages for Smith deviated from a script. Greystone concludes, therefore, that the proposed class is not sufficiently numerous to warrant class treatment. Greystone's argument, however, not only misstates the evidence it also misstates the requirements of the FDCPA.

Greystone's argument that the collection calls made to Smith were an aberration is not supported by the evidence. The only piece of evidence Greystone offers in support of this argument is the self-serving affidavit of a compliance officer, Daniel Frisicaro, stating that its employees adhere to Greystone's script and therefore Greystone collectors comply with the requirements of the FDCPA. Frisicaro states that Greystone policy dictates that they follow the script, that the employees receive training and must pass a test on the requirement of the FDCPA, and that collectors who violate the policies regarding the use of scripts are subject to discipline. Frisicaro, however, does not state that Greystone employees actually follow the script 100% of the time (nor could he, for that kind of statement would be speculation outside the scope of his personal knowledge). Moreover, Greystone points to no evidence that it actually disciplined any employee for failing to follow its scripts, including the three employees who left collection calls with Smith without identifying that they were from a debt collector. On the other hand, Smith has pointed to three different Greystone employees who placed collection calls to her — the only three live calls that she received — who did not follow the script. Frisicaro states that these three calls are the only instance that it can identify that its employees failed to follow the script. But by the same token, Frisicaro can identify *no instances* in which employees did follow the script— because Greystone does not record its

3

 Document #: 41 Filed: 06/30/10 Page 4 of 8 PageID #:221

collectors calls. Thus, the only evidence regarding Greystone employees' use of its script suggests that they do not follow it.

Greystone also misstates the requirements of the FDCPA. Section 1692e(11) makes it a violation of the FDCPA when debt collectors fail "... to disclose in subsequent communications that the communication is from a debt collector" other than in formal legal pleadings. 15 U.S.C. § 1692e(11). The fact that Greystone employs a script that may comply with the FDCPA means nothing if Greystone does not require employees to follow that script to the extent required by the FDCPA. In his affidavit, Frisicaro states that Greystone uses the script only until it makes a "right party contact," a contact in which confirms that it is speaking with the specific consumer whose debt it is pursuing. *See* Frisicaro Decl. at ¶ 12. Greystone's policy expressly states that the script does not need to be used after it has made a right party contact. Instead, it directs employees to "<u>only</u> state "<u>your name,</u>" "<u>toll-free phone number</u>" and "<u>file number</u>" after making a "right party contact." *See* Pl. Reply, Ex. 1 (emphasis in original). In other words, Greystone employees do not inform debtors after its initial contact, a policy that appears on its face to fall short of the requirements of § 1692e(11) that requires debt collectors to identify themselves as such beyond the initial contact.[1] Moreover, two of the three collectors who called Smith made written statements in which they confirmed that they do not follow the script once the right party contact was made. *See* Pl. Reply, Ex. 7.

---

[1] Greystone argues that collectors do not have use the exact phrase "debt collector." It suggests that the fact that the call is made by a debt collector can be inferred by the context of the call, including reference to prior phone calls. However, a message that states only the caller's name (and not the company's name), a phone number, and a file number could not possibly convey sufficient information for the recipient to identify Greystone as a debt collector. Indeed, the recipient would not even be able to discern that the collector called on behalf of Greystone.

4

Greystone also argues that Smith cannot demonstrate numerosity because the class is difficult to identify. The sole reason, however, that the class may be difficult to identify is because Greystone does not adequately record or document its calls. *Cf. C.E. Design v. Beaty Const. Inc.*, No. 07 C 3340, 2009 WL 192481, at *3 (N.D. Ill. Jan. 29, 2009) (defendant cannot escape liability by destroying a list of its victims); *Heckert v. MRC Receivables Corp.*, 254 F.R.D. 344, 348-49 (N.D. Ill. 2008) (rejecting defendants argument that because of inadequate recordkeeping the class was not ascertainable). Indeed, if the Court were to accept Greystone's argument, debt collectors would be free to wilfully violate the FDCPA with impunity simply by choosing not to record their messages. Plaintiffs are not required to identify each and every potential member of the class or specify the exact number of potential class members. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). Instead, plaintiffs need only provide a properly supported estimate. *Id.*

The class here is defined with regard to objective criteria — consisting of persons who received phone calls from Greystone collectors who failed to inform the debtor that a debt collector placed the call. Given that Greystone's policy appears on its face to violate the FDCPA and given that the only evidence in the record suggests that its employees do not comply with the FDCPA's requirement that collectors identify a call as a communication from a debt collector, the fact that Greystone made 1,414 calls to individuals in Illinois in the relevant time period suggests that the class is sufficiently numerous to warrant class treatment.

B.   *Commonality & Typicality*

Greystone's arguments regarding commonality and typicality are confusing at best. In essence, Greystone repeats its argument regarding numerosity, suggesting that because the three live calls placed to Smith were "aberrations" that her claims are not typical of the class claims and that

5

there are no common issues of fact or law. This argument conflates the numerosity requirement with the requirements of commonality or typicality.

If Greystone's three collectors' phone calls were an aberration (an assertion that is not supported by the evidence, as noted above), then there are no other plaintiffs with claims. But it cannot be inferred that the potential claims of prospective plaintiffs would lack a common nucleus of operative fact or common issues of law. Where a defendant has engaged in standardized conduct towards members of the prospective class, there is a common nucleus of operative fact sufficient to satisfy Rule 23's commonality requirement. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Greystone also argues that commonality is not met because the messages left by its collectors may vary. However, the simple fact that the messages left by Greystone collectors might vary slightly does not mean the Court must make an individualized inquiry. *Keele*, 149 F.3d at 594.

Here, Smith has pointed to standardized conduct — three collectors placed live collection class that failed to inform her that the calls were made by a debt collector. Smith has further pointed to Greystone's written policy that instructs collectors to avoid sharing such information. The Court finds that Rule 23's commonality requirement has been met.

Typicality is closely related to commonality, and a plaintiff's claim is typical of those of the prospective class members if it arises from the same event or course of conduct that gives rise to the claims of the prospective class members. *Keele*, 149 F.3d at 594-95. As noted above, Smith has put forward evidence that Greystone collectors regularly did not identify Greystone as a debt collector and that Greystone's policy instructed them to withhold such information after its initial contact. The Court finds that Rule 23's typicality requirement also has been met.

C.   *Adequacy of Representation*

Rule 23 requires both that counsel be sufficiently experienced and qualified to represent the interests of the class and that the named plaintiff herself be competent to adequately represent the class. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). A named plaintiff cannot adequately or fairly represent a class if she has antagonistic or conflicting claims with the class. *Id.* Greystone suggests that Smith cannot adequately represent the class because she seeks damages for emotional distress in addition to statutory damages. Greystone points to the fact that Smith rejected a $1500 offer of judgment ($500 more than the statutory maximum) to resolve her claims. Greystone argues that because Smith rejected this offer, Smith has placed her individual claims in front of the claims of the class.

Greystone's argument is premised upon faulty logic. Greystone's offer of judgment included *no damages* for the class. Greystone's argument that Smith has placed her individual claims in front of those of the class is thus entirely without merit. Putting aside Greystone's misrepresentation of the nature of its offer of judgment, Rule 23(a)(4) does not require that class members all have equal damages. *Keele*, 149 F.3d at 594. Rather, it requires that their damages arise from the same course of conduct. *Id.* Here, Smith's injuries and the prospective class's injuries arise from the same course of conduct — Greystone's failure to inform debtors that it is a debt collector. The Court finds that both she and counsel are adequate class representatives.

D. *Predominance*

Greystone argues that individual issues predominate and therefore class treatment is not appropriate. Again, Greystone's argument hinges entirely upon its misstatement both of the evidence and of the requirements of the FDCPA. As noted earlier, the only evidence in the record suggests standardized conduct that Greystone collectors failed to adhere to its policy requiring them to

identify Greystone as a debt collector prior to the time they ascertain they are speaking to the correct debtor. Further, a single issue — whether Greystone's policy of failing to identify itself as a debt collector after it has determined that it made a "right party contact" violates the FDCPA — predominates over any and all individual issues. Smith challenges a standardized written policy, and the Court is hard-pressed to imagine a more clear-cut case where class treatment is appropriate.

The Court finds that Smith's claim satisfies the requirements of Rule 23(a) and Rule 23(b)(3) and therefore certifies a class comprising of "all natural persons in the state of Illinois with whom the Defendant left voice messages that do not disclose that the message is from a debt collector on or after January 1, 2009, and on or before September 8, 2009."

IT IS SO ORDERED.

_6/30/10_
Dated

Hon. William J. Hibbler
U.S. District Court