IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARA SMITH, | Case No.: 09 CV 5585 |
| Plaintiff, | |
| vs. | Judge William J. Hibbler |
| GREYSTONE ALLIANCE LLC | Magistrate Judge Morton Denlow |
| Defendant. | |

**PLAINTIFF'S MOTION TO ALTER CLASS
CERTIFICATION ORDER PURSUANT TO RULE 23(c)(1)(C)**

Plaintiff respectfully requests that to the extent necessary this Court enter an order altering its June 30, 2010 order certifying the class and certify the class action as an issue class pursuant to Rules 23(b)(3) and 23(c)(4) against defendant Greystone Alliance, LLC ("Greystone"). The common issue to be decided will be whether defendant's actions violated the FDCPA.

In support of this motion, plaintiff states:

**I. NATURE OF THE CASE AND PROCEDURAL HISTORY**

1. In plaintiff's class motion, she sought an issue class as to liability under Rules 23(b)(3) and 23(c)(4). *See* Doc. 17. The common issue to be decided will be whether defendant's actions violated the FDCPA. This procedure was explained in *Carnegie v. Household International, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004), and ratified in *In re Allstate Ins. Co.*, 400 F.3d 505, 508 (7th Cir. 2005). *Id*.

2. "Where there are common issues and the accuracy of the resolution of those issues 'is unlikely to be enhanced by repeated proceedings, then it makes good sense, especially when the class is large, to resolve those issues in one fell swoop while leaving the remaining,

claimant-specific issues to individual follow-on proceedings." *Pella Corp. v. Saltzman*, 606 F.3d 391, 394 (7th Cir. Ill. 2010) (Affirming that issues classes are appropriate.)

3. As explained in plaintiff's class motion, she initially sought statutory damages on behalf of the class, but had moved for an issue class due to the low net worth of defendant. As argued in the class motion an amended complaint was not necessary as changes such as this to relief sought for the class are appropriate at this stage of the litigation. "Litigants and judges regularly modify class definitions" *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005). "Courts retain broad power to modify the definition of a proposed class." *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 328 (N.D.Ill. 1995). In *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147 (1982), the Supreme Court held that:

> even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation. For such an order, particularly during the period before any notice is sent to members of the class, is inherently tentative. This flexibility enhances the usefulness of the class-action device.... (Internal citation omitted.)

See also, Fed.R.Civ.P 23(d); *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 391 (N.D. Ill. 2006) (FCRA class action); *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 286 (N.D. Ill. 2005) (noting same).

4. Greystone never objected or presented any argument on this issue in response to plaintiff's class motion seeking an issue class.

5. On June 30, 2010, this Court granted plaintiff's motion for class certification. See Docket 41.

6. However, the order did not state that the class was certified pursuant to Rule 32(c)(4) as to an issue class for liability. Even though Greystone had never objected to the issue class, it is attempting to capitalize on this Court's June 30, 2010 order.

7. Despite the fact that class notice has yet to go out and class members have not had an opportunity to exclude themselves from the class, Greystone has served a Rule 68 Offer for $2,000 for the entire class presumably representing 1% of its purported net worth.

8. Greystone's actions illustrate why an issue class is needed in this case. Class members would receive barely a dollar under Greystone's scheme to force a judgment on them. On the other hand, the class would have a judgment as to liability and would be free to file their own claims or a joint claim.

9. A plaintiff is allowed to define the class to limit the damage cap under the FDCPA. Courts have allowed plaintiffs to define FDCPA classes to smaller geographic areas to allow multiple class recoveries as the FDCPA, unlike TILA, does not prohibit such classes. In *Mace v. Van Ru Credit Corp.*, defendant argued an implied limitation on statewide class actions into the FDCPA $500,000 damages cap such that plaintiff's attempt to certify a small class would constitute "improper claim-splitting." The Seventh Circuit in Mace concluded that the language of the statute did not support such an interpretation. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. Ill. 1997). *See* also *Macarz v. Transworld Sys.*, 193 F.R.D. 46, 56-57 (D. Conn. 2000).

10. Because plaintiff moved for an issue class under Rules 23(b)(3) and 23(c)(4); Greystone did not object to an issue class and an issue class is needed to avoid Greystone from attempting to force the class members to resolve their claims too cheaply, plaintiff submits that this

Court should alter the class order to find that the class is certified pursuant to 23(c)(4) as to the issue of liability.

WHEREFORE, plaintiff respectfully requests that to the extent necessary this Court enter an order altering its June 30, 2010 order certifying the class and certify the class action as an issue class pursuant to Rules 23(b)(3) and 23(c)(4) against defendant Greystone Alliance, LLC.

Respectfully submitted,

/s/Keith J. Keogh

Keith J. Keogh
Ainat Margalit
KEOGH LAW, LTD.
101 N. Wacker Dr., Suite 605
Chicago, Illinois 60606
312.726.1092
312.726.1093 (fax)

4