IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARA SMITH,    )<br>   )<br>   Plaintiff,    )<br>   )<br>v.    )<br>   )<br>GREYSTONE ALLIANCE LLC,    )<br>   )<br>   Defendant .    ) | Case No.: 09 CV 5585<br><br>Judge: William J. Hibbler |

**DEFENDANT'S MOTION FOR RECONSIDERATION AND CLARIFICATION
OF THE COURT'S JUNE 30, 2010 ORDER**

NOW COMES Defendant, GREYSTONE ALLIANCE LLC ("GREYSTONE") by and through its undersigned attorneys, David M. Schultz and Stephen D. Vernon and pursuant to Fed. R. Civ. Pro. 59(e) or, alternatively, pursuant to Fed. R. Civ. Pro. 60(b) or pursuant to Fed. R. Civ. Pro. 23(c)(1)(3), respectively moves this Court for reconsideration and clarification of its June 30, 2010 Order granting Plaintiff's Motion for Class Certification and in support thereof, states as follows:

**INTRODUCTION**

On June 30, 2010, the Court issued a Memorandum Opinion and Order granting class certification (the "Order"). Docket Entry ("DE") #41. The Court granted Plaintiff's request for certification of a class under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692, *et seq.* The Class certified is defined as: "all natural persons in the state of Illinois with whom the Defendant left voice messages that do not disclose that the message is from a debt collector on or after January 1, 2009 and on or before September 8, 2009." *Id.* at p. 8. The Court specified that the certification was pursuant to "Rule 23(a) and Rule 23(b)(3)." *Id.*

Greystone files the present Motion to correct some issues in the Order that are significant

going forward and to request that the Court reconsider the Order. Alternatively, Greystone seeks clarification/resolution of some issues not addressed in the Order if the Court denies its request to reconsider the Order. Specifically, Greystone requests that the Court: (1) reconsider granting class certification pursuant to Rule 23(b)(3) because a class action is not a superior method under that Rule, the Order failed to discuss that Rule's superiority requirement, and plaintiff conceded that the low net worth is insufficient to distribute to the class; (2) correct certain statements in the Order concerning the content of Greystone's voice messages and its procedures; upon doing so, Greystone requests reconsideration due to these corrections; or, alternatively, (3) clarify that the Class currently certified is those consumers who received a voice message from Greystone after "right party contact" had been made.

## STANDARD OF REVIEW

Whether to grant reconsideration "is entrusted to the sound judgment of the district court." *Matter of Prince,* 85 F.3d 314, 324 (7th Cir.1996). The grounds for granting such a motion "are newly discovered evidence, an intervening change in the controlling law, and manifest error of law or fact." *Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir.1998). In the present case, the Order should be reconsidered because Plaintiff conceded that a class action was not a superior method of resolving this matter under Rule 23(b)(3) and the Order did not discuss superiority. Moreover, certain statements made by the Court regarding the messages received by Plaintiff and Greystone's procedures were incorrect. The Court's Order was based, in part, on these statements. When these facts are corrected, reconsideration of the Order is also appropriate. Alternatively, in the event the Court does not reconsider the Order, the Order should be clarified as to the identity of those individuals included in the Class certified.

**ARGUMENT**

**I. RECONSIDERATION OF THE ORDER IS PROPER BECAUSE A CLASS ACTION IS NOT SUPERIOR UNDER RULE 23(B)(3).**

A Rule 23(b)(3) class must, amongst other things, be a superior way to proceed. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 593, 117 S.Ct. 2231, 2235 (1997). It is part of the Court's responsibility to undertake a "rigorous analysis" and be satisfied that Plaintiff met her burden on this and other the other certification requirements under Rule 23. *General Telephone Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982); *Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 677 (7th Cir. 2001). Certification of a class without analysis of each element under Rule 23 is improper. *See Davis v. Hutchins,* 321 F.3d 641, 649 (7th Cir. 2003) (no class certified where no rigorous analysis of Rule 23's requirements was conducted); *Szabo.,* 249 F.3d at 677-678 (vacating an order granting class certification and remanding the case with instruction to the district court to conduct a rigorous analysis of Rule 23's requirements).

Plaintiff's Motion for Class Certification conceded that Rule 23(b)(3) class would not be a superior method for resolving the damage claim of the Class. DE #17, at ¶¶2-8; DE #18 at 9. Specifically, Plaintiff asserted that any recovery on behalf of the class members would be too small in light of Greystone's low net worth. DE #17, at ¶8. Instead, Plaintiff sought certification what she termed as "an issue class as to liability." *Id.* Defendant opposed such a certification. DE #23 at p. 3 fn. 4 and pp. 13-15.

The Court rightfully rejected Plaintiff's issue class theory and the Order certified a Rule 23(b)(3) class. DE #41 at p. 8 ("The court finds that Smith's claim satisfies the requirements of Rule 23(a) and Rule 23(b)(3)…."). However, the Order did not contain any discussion of the superiority requirement of Rule 23(b)(3). *See generally* DE #41.

3

Superiority is not met in this case. *See* DE #23 at pp. 14-16. As plaintiff admitted, Greystone's net worth is insufficient to satisfy this element of class certification. DE #17, at ¶¶2-8; *see also* DE # 49, Exhibit 2 at Exhibit L (audited financial statements evidencing Greystone's low net worth)**.** Since Plaintiff conceded that a Rule 23(b)(3) class would not be a superior method for resolving the damage claim of the Class, Greystone did not address this point further in its discussion of superiority in its Response. Greystone respectfully requests that the Court reconsider the Order and deny certification.

**II. RECONSIDERATION OF THE ORDER IS ALSO APPROPRIATE ONCE CERTAIN FACTS ARE CLARIFIED/CORRECTED.**

The Order incorrectly asserted that in the second message Greystone left on Plaintiff's home telephone number, it failed to identify itself as a debt collector, even though the Complaint admitted Greystone had so identified itself. *Compare* DE #41 at pp. 1-2 with DE #1 (Plaintiff's Complaint) at ¶12. The Order also repeatedly says that the Greystone failed to follow its policies because the messages did not say they were from Greystone, even though the Plaintiff's Reply brief and the tapes demonstrate that Greystone did identify itself in the messages, as required by its policy. *Compare* DE #41 at pp. 3-5 with DE #33 (Plaintiff's Reply in support of her Motion for Class Certification) at pp. 3-4 and at Exhibit 4 thereto (transcript of the recorded messages retained by Plaintiff and played by her at her deposition). A copy of the transcript of these messages is also attached as Exhibit A hereto.

Plaintiff did not quote the messages in the complaint, even though she had recordings of them. Instead, she paraphrased them, which seems to have lead to some confusion and maybe allowed the message to be "twisted" to some extent.[1] Greystone submits that, once these facts

---

[1] For example, Plaintiff alleges that she received a voice message on August 14, 2009 from a Mr. Garner

are corrected, reconsideration of the Order is appropriate.

First, the Order states that the message left message by Greystone on August 18, 2009 did <u>not</u> state that it was from a debt collector.[2] This is incorrect. Plaintiff's Complaint confirms that the August 18, 2009 voice message stated "that it was left by a debt collector." DE #1 at ¶12 ("On August 18, 2009, Greystone left another voice mail message for Ms. Smith stating to call Greystone at 877.789.1770 concerning a business matter. This message <u>did</u> state that it was left by a debt collector.") (Emphasis added.) Moreover, the recording of the message produced by Plaintiff at her deposition confirmed this fact.[3]

The recordings of this message and three other messages were saved on Plaintiff's

---

from Greystone regarding a "legal matter." DE #1 at ¶7. That is not accurate. The full text of this message actually stated:

> Good evening. This is a message intended for Ms. Tara Smith. Tara, my name is Mr. Garner and I represent the office of Greystone Alliance. I have been asked to get in contact with you in regards to a file that has been placed in my office for my review. I would like to take some time to talk to you about it. If you have legal counsel, I will gladly talk to them. My telephone number that you can reach me is 716.218.4800, ext. 2018. Again, my name is Mr. Garner. You can call a toll free number if you need to. It is 877.789.1770. I am in Buffalo, New York, so I am on eastern time. I do look forward to your return call.

Ex. A at p.63, ln. 7-22; *see also* DE #33 at p. 3 and at Exhibit 4 at p.63, ln. 7-22.

2 Specifically, the Order states that "[f]our days later [August 18, 2009], another Greystone employee left a message for Smith. This message instructed Smith to call concerning a business matter and, like Garner's message did not inform her that it was a communication from a debt collector." DE #41 at pp. 1-2.

3 In fact, the entire text of the August 18, 2009 message stated:

> This message is for Tara Smith. If you are not Tara Smith, please hang up or disconnect. Tara Smith, this phone call is from Greystone Alliance concerning an important business matter. You can contact our office toll free. 1.877.789.1770. This is an attempt to collect a debt and any information will be used for that purpose.

Ex. A at pp. 63-64 ln. 23-8; *see also* DE #33 at Ex. 4 at pp. 63-64 ln. 23-8.

5

voicemail. Copies of these recordings were only made part of the record at Plaintiff's deposition when she played those messages from the voicemail on her phone for the court reporter. Plaintiff's deposition did not occur until after Greystone had filed its Response to Plaintiff's Motion for Class Certification.

It is important that the record is accurate on this important issue. It shows that Plaintiff was advised very early on in the collection process that Greystone was a debt collector. This happened at about the same time as Plaintiff received the initial letter from Greystone, which also identified it as a debt collector. It also corrects a misconception that Greystone did not identify itself as a debt collector to Plaintiff.

Second, the Court's Order stated that Greystone's collectors failed to follow its script in the only three live collection calls she received. DE #41 at p. 3. This too is incorrect. The voice message left for Plaintiff on August 14, 2009 is the only voice message that deviated from its script. *See* Greystone's Memorandum of Law in support of its Motion for Summary Judgment at "Memo of Law") pp. 3-4 and 8-9**.** The other messages complained of by Plaintiff in her Complaint complied with Greystone's script. *Id.* at pp. 3-4, 6, 11-12. Again, the recordings produced by Plaintiff at her deposition confirm this. Ex. A at pp. 63-64; DE #49 at Ex. 3 at pp. 63-64.

It is important to clarify that in almost all instances, Greystone was acting consistent with the policies and procedures. The opinion suggests that the Court does not give weight to these policies and procedures because they were not followed.

Finally, footnote 1 on page 4 of the Order, says that it was *not* Greystone's policy to have its collectors state that they were calling from Greystone in messages left after right party contact had been made. This is not correct. It *was* Greystone's policy that its collectors state in all

messages that they were calling from Greystone. DE #23 at p. 5 (citing Frisicaro Dec. (DE #24) at ¶15 and Exhibit 3 thereto.) Each of the recordings of the messages produced by Plaintiff in this case contain a statement that the collector is calling from Greystone. Ex. A at pp. 63-64; DE #33 at Ex. 4 at pp. 63-64.

This fact is important because under Seventh Circuit law, if the person knows who is calling and that it is a debt collector, there may not be a violation of 1692e(11). *See* case law cited in DE #23 at p. 2, fn. 3; *see also* Greystone's Memorandum of Law at pp. 11-12. It is also important for the Court to know that the policies were being followed.

In light the facts set forth above, Greystone submits that reconsideration of the Order is appropriate. The evidence contradicts Plaintiff's assertion that Greystone's collectors do not follow the script and supports Greystone's argument that the use of its name alone can be sufficient to identify itself as a debt collector in subsequent communications with consumers. This demonstrates that individualized inquiry is needed into the history of the communication with each consumer to determine whether the specific content of the communication complied with Section 1692e(11). *See* case law cited in DE #23 at p. 2, fn. 3. Thus, Greystone respectfully requests that the Court reconsider the Order, and deny certification of the Class.

**III.     ALTERNATIVELY, THE CLASS, IF ANY, SHOULD BE LIMITED TO THOSE CONSUMERS FOR WHOM GREYSTONE LEFT A VOICE MESSAGE AFTER RIGHT PARTY CONTACT.**

The Class as certified by the Court includes: "all natural persons in the state of Illinois with whom the Defendant left voice messages that do not disclose that the message is from a debt collector on or after January 1, 2009 and on or before September 8, 2009." DE #41 at p. 8. Greystone would like to properly identify those that are within the Class. It would help to get clarification of this definition so that it can identify the right people.

Under the current definition, the Class either is (1) every person who received a live voicemessage *after* Greystone established right party contact (because the Court has determined that such subsequent messages were not compliant), or (2) every person who received any live voicemessage from Greystone (because the court has determined that all the messages fail to comply with the Act).

1,414 accounts in Illinois received live agent voice messages from Greystone during the time period contained in the class definition. The Court should clarify its order to limit the Class to include only those accounts where Greystone left a message for the consumer *after* right party contact was established.

As discussed in the briefing (DE #23 at p. 5), Greystone's policy and procedure was to provide the Foti Message Script in all calls until it established right party contact (i.e., it was sure it located the debtor). The Greystone Foti Message Script states that the call is being placed by Greystone and states, "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.* This message complies with Section 1692e(11). Thus, if Greystone was unable to speak with a consumer, the Greystone Foti Message would have been the only voice message left for that debtor.

It will be necessary to examine the account notes to identify those that fall within the group of people that received messages after right party contact. If the definition is broader than this group, the Class will be all 1,414 accounts despite the fact that that Greystone never made right party contact with some of these consumers, they do not have a claim under Section 1692e(11) and they are not "similarly situated" to Plaintiff. Greystone requests that the Court clarify which group is the one certified.

## **CONCLUSION**

WHEREFORE, Defendant, GREYSTONE ALLIANCE, LLC, respectfully requests this Court reconsider and/or clarify its June 30, 2010 Order granting Plaintiff's Motion for Class Certification and for any other relief in its favor that this Court deems just.

Respectfully submitted,

GREYSTONE ALLIANCE, LLC

By: */s/Stephen D. Vernon*
One of its attorneys

David M. Schultz
Stephen D. Vernon
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000