IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARA SMITH, | ) |
| Plaintiff, | ) Case No 09-CV-5585 |
| v. | ) Judge William J. Hibbler |
| GREYSTONE ALLIANCE LLC, | ) Magistrate Judge Morton Denlow |
| Defendant. | ) |

**GREYSTONE ALLIANCE LLC'S RESPONSE
TO PLAINTIFF'S MOTION TO ALTER CLASS CERTIFICATION ORDER
PURSUANT TO RULE 23(C)(1)(C)**

Defendant, GREYSTONE ALLIANCE LLC. ("Greystone"), by and through its attorneys, David M. Schultz, Todd P. Stelter and Avanti D. Bakane, for its Response to Plaintiff's Motion to Alter Class Certification Order Pursuant to Rule 23(c)(1)(C), states as follows:

### I. INTRODUCTION

Plaintiff's motion requests that this Court modify its previous order to certify an "issue class." No such legal or procedural device exists. This Court's Order of June 30, 2010 specifically certified a Rule 23(b)(3) class, as is regular practice in this jurisdiction in every FDCPA class action on record. What plaintiff now requests, has never been done before in an FDCPA class action in this jurisdiction.

Furthermore, plaintiff's motion is an 'end run' around the FDCPA's statutory class liability cap and it should be denied. The FDCPA caps liability in a class action to "the lesser of $500,000 or 1 per centum of net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B). It should not be rendered moot via Rule 23(c)(4), such that a plaintiff could establish liability in favor of thousands of individual class members, allowing them to seek individual recoveries far

exceeding the statutory damages' cap in the aggregate.[1] Such a result would make 'new law' and would create precedent leading to the financial ruin of collection agency defendants, something Section 1692k of the FDCPA clearly intended to prevent.

## II. ARGUMENT

Plaintiff has come to the obvious conclusion that defendant has already offered the maximum possible remedy to the class, *i.e.* 1% of its net worth. Thus, there is nothing to be gained by continued litigation and plaintiff must realize that she should have never sought to certify a class in the first place. Plaintiff does not agree with Section 1692k(a)(2)(B) of the FDCPA and is not satisfied that it provides her class with a sufficient recovery. Therefore, plaintiff is seeking to have this Court enter an Order certifying what plaintiff has termed an "issue class" under Rule 23(c)(4), which would allow plaintiff to set up individual recoveries for class members under Sections 1692k(a)(1), 1692k(a)(2)(A) and 1692k(a)(3) of the FDCPA, while establishing liability against defendant in favor of the entire class. This result would make the FDCPA's Section 1692k(a)(2)(B) statutory damages' cap meaningless and it should be denied.

Plaintiff here is attempting to make "new law". There is no support for the use of Rule 23(c)(4) in the manner in which plaintiff is asking:

> **Rule 23(c)(4) … does <u>not</u> create, in addition to the three types of class actions enumerated in Rule 23(b), a fourth type, the "issue" class action.** *In re General Motors Corp. Dex-Cool Products Liability Litigation*, 241 F.R.D. 305, 314 (S.D. Ill. 2007) *citing In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293 (7th Cir. 2005). [Emphasis added].

---

[1] Under 15 U.S.C. § 1692k(a)(1), 1692k(a)(2)(A) and 1692k(a)(3), individual plaintiffs may recover actual damages, attorney's fees and costs, as well as up to $1,000 in statutory damages.

Courts should not take an expansive approach to class certification under Rule 23(c)(4). *In re General Motors Corp. Dex-Cool Products Liability Litigation*, 241 F.R.D. 305, 314 (S.D. Ill. 2007) *citing In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293 (7th Cir. 2005). Rule 23(c)(4) is generally reserved for large mass tort cases where certain particular issues, which may otherwise take decades to resolve individually, are dealt with in a class action model while still other remaining individual issues are allowed to be left for separate trials before individual juries. *The Reexamination Clause: Exploring Bifurcation in Mass Tort Litigation*, 73 Def. Couns. J. 63, 64 (2006). Use of Rule 23(c)(4), by its very terms, is limited to instances "[w]hen appropriate." It is not appropriate here and this Court should use its discretion to deny plaintiff's request. In *In re Rhone-Poulenc Rorer Inc.*, the Seventh Circuit went so far as to grant an extraordinary writ of mandamus decertifying a class and overturning the district court's granting of class certification under Rule 23(c)(4) where the rule was employed improperly. *In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293 (7th Cir. 2005).

In this case, plaintiff is only attempting to eviscerate the FDCPA class liability cap. Bifurcating the liability issues provides no economical or practical benefit. In this jurisdiction, the reading of Rule 23(c)(4) has always been limited to prevent eviscerating the intent of other laws as well as preventing the creation of wildly unintended results, which would occur here. *Hyderi v. Washington Mutual Bank, FA*, 235 F.R.D. 390, 398 (N.D. Ill. 2006) (class certification denied because Rule 23's predominance requirement requires much more than the identification of a single common issue. A district court cannot manufacture predominance through the nimble use of Rule 23(c)(4).). Here, liability should be decided under the traditional Rule 23 model and the class liability cap should be left intact.

130009511v1 904805 7791

In support of her motion, plaintiff cites several cases, none of which provide support for proceeding as plaintiff is here requesting. In paragraph 1 of her motion, she cites to *Carnegie v. Household International, Inc.*, 376 F.3d 656 (7th Cir. 2004). That case discussed the manners in which a court may handle class litigation, in general, but did not hold that Rule 23(c)(4) created some sort of new procedural device for class plaintiffs to recover amounts in excess of a class liability cap. In paragraph 1 of her motion, plaintiff also cites to *In re Allstate Ins. Co.*, 400 F.3d 505 (7th Cir. 2005), a case where the district court's grant of <u>class certification was vacated</u>. Also, the facts of *In re Allstate* do not involve a FDCPA case nor do they involve a situation where a statutory damages' cap exists and where Rule 23(c)(4) is improperly being used as a way to dodge the cap. Overall, these cases only stand for the general proposition that a district court has discretion to manage class actions as it sees fit.

Plaintiff's citation at paragraph 9 of her motion to *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997) supports defendant's argument rather than plaintiff's. *Mace* involved a case where the Seventh Circuit analyzed whether the scope of certified classes under the FDCPA could be limited to a single geographical state rather than requiring a nationwide scope. *Mace* has nothing to do with Rule 23(c)(4). However, the Seventh Circuit in *Mace* held that "the case before us does not now present multiple or serial class actions to recover for the same misconduct …" and therefore it ruled that a class could be limited to a single state geographically. *Id*. However, the court warned: "[i]f and when multiple serial class actions are presented, it will be time enough to rule on such a pattern." *Mace*, 109 F.3d 338 at 344. Here, plaintiff is essentially attempting to certify a class action containing thousands of sub-classes containing *one person* only. It is precisely the sort of multiple and abusive serial litigation that the Seventh Circuit warned about in *Mace*. The court in *Mace* clearly indicated that there is a

4

threshold of abusive "claim splitting" but that the threshold was not met in that case where the plaintiff attempted to limit a class to a single state geographically. However, if the Seventh Circuit were presented with an abusive situation such as here, where multiple serial claim splitting is occurring, down to thousands of individual liability groups of one person only, it would not allow it.

All in all, plaintiff's motion is an admission that she should have never sought to certify a class in the first place. She should be asking this Court to decertify the class instead. This Court should not allow plaintiff to create a new procedural vehicle out of thin air which would allow the class plaintiffs in this case (and future class plaintiffs) to recover individual statutory damages through class actions where no class statutory cap is applicable. If this procedure were allowed, logic dictates that *all* class action FDCPA lawsuits brought in this Court in the future will attempt to proceed in this same manner. There simply will be no incentive to file a class action with a damages cap when one can simply employ plaintiff's novel "issue class" concept and avoid the cap altogether.

### III. CONCLUSION

WHEREFORE, Greystone Alliance, LLC respectfully requests that the Court deny Plaintiff's Motion to Alter Class Certification Order Pursuant to Rule 23(c)(1)(C) and grant such other relief that the Court deems proper.

Respectfully submitted,

GREYSTONE ALLIANCE LLC

By: s/David M. Schultz
      One of Its Attorneys

David M. Schultz
Todd P. Stelter

5

Avanti D. Bakane
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
Telephone: (312) 704-3000
Facsimile: (312) 704-3001
dschultz@hinshawlaw.com
tstelter@hinshawlaw.com
abakane@hinshawlaw.com

130009511v1 904805 7791

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARA SMITH, <br><br> Plaintiff <br><br> vs. <br><br> GREYSTONE ALLIANCE LLC <br><br> Defendant. | Case No.: 09 CV 5585 <br><br> Judge William J. Hibbler <br><br> Magistrate Judge Morton Denlow |

## CERTIFICATE OF SERVICE

    I hereby certify that on **September 13, 2010**, I electronically filed the above and foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ALTER CLASS CERTIFICATION ORDER PURSUANT TO RULE 23(C)(1)(C)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Keith J. Keogh**
Keith@KeoghLaw.com

                              Respectfully submitted,


                              By: s/Todd P. Stelter


David M. Schultz
Todd P. Stelter
Avanti D. Bakane
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

130009511v1 904805 7791