

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARA SMITH,<br><br>    Plaintiff<br><br>v.<br><br>GREYSTONE ALLIANCE LLC,<br><br>    Defendant. | No. 09 C 5585<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

In March 2011, the Court granted partial summary judgment in favor of Tara Smith and the class on Smith's 15 U.S.C. § 1692e(11) claims. Greystone Alliance, LLC moves to reconsider, arguing that the Court made errors in fact and law. The Court presumes familiarity with its March 29 Memorandum Opinion and Order (Summary Judgment Order).

Greystone first argues that the Court erred in ruling that Greystone's net worth was $200,000. In its Summary Judgment Order, the Court stated that Greystone "asserts that its net worth is $200,000." Greystone notes that the Court omitted the word "less" in discussing Greystone's net worth. Greystone did, in fact, argue that its net worth was less than $200,000, but the distinction it offers here is immaterial. As noted in the Court's Summary Judgment Order, § 1692k(a)(2) caps the damages a class can recover. Whether Greystone's net worth is $200,000 or less than $200,000, its Rule 68 offer (if it accurately described its net worth) met or exceeded the maximum amount the class could recover under § 1692k(a)(2). Raising this immaterial distinction in the motion to

reconsider does nothing other than waste the Court's time, the parties' time, and the client's resources.

Greystone next argues that the Court erred in concluding that the record contained no evidence to assert its argument that its net worth was less than $200,000. Greystone points to Exhibit L, filed under seal, of its summary judgment materials. Exhibit L is an audited financial statement purporting to show Greystone's net worth at precisely $0. Greystone, however, largely ignores the Court's basis for concluding that it had not properly supported its assertion in its motion. Greystone's summary judgment materials exceeded 200 pages in length. It put forth a Rule 56.1(a0 statement that included 79 statements of fact. The Court reviewed that statement carefully, and *not a single fact* pointed the Court to Exhibit L or other evidence in the record to support Greystone's assertion of its net worth. The Court also carefully reviewed Greystone's briefs filed in support of its motion, and these documents contained not a single citation to Exhibit L. As the Court noted in its Summary Judgment Order, it is not this Court's job to trudge through a 200-plus page record looking for support for Greystone's assertions, particularly when the evidence that it hopes the Court to find is located in documents filed separately from its summary judgment materials. *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010). If Greystone fails to carefully submit complete Rule 56.1(a) materials and point the Court to specific portions of the record that support its assertions, the Court will not sort through the record to find for support for Greystone's arguments.

Greystone also argues that "plaintiff has never challenged the fact that [its] net worth was less than $200,000," and that "[p]laintiff has never taken a position that [its] net worth is anything but that which is stated in the audited balance sheet," and thus the Court should not have ruled

Greystone's net worth was anything but "less than $200,000." A party moving for summary judgment, however, bears an initial burden of proving that there is no genuine dispute of material fact. *MMG Fin. Corp. v. Midwest Amusements Park, LLC*, 630 F.3d 651, 657 (7th Cir. 2011). The Court cannot simply presume that Greystone has met this burden when it has failed to point the Court to evidence supporting its assertion. Further, quite contrary to Greystone's argument, Smith does challenge Greystone's assertion of its net worth, questioning $600,000 of Greystone's long-term liabilities described only as "notes payable." See Pl. Resp. at 5-6. Greystone's contention otherwise arguably runs afoul of Rule 11. This is not the first time Greystone has played fast and loose with the facts. In the order certifying the class, the Court noted that Greystone misrepresented the nature of its initial Rule 68 offer. In its order denying Greystone's motion to reconsider the class certification order, the Court noted that Greystone misrepresented the language of its own policy. The Court cautions Greystone that further misrepresentations of the facts, the law, or the parties' arguments will not be tolerated.

Greystone's next argues that the Court misapplied the law in construing the effect of its Rule 68 Offer. Under Fed. R. Civ. P. 68(a), "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the defendant makes an offer that equals or exceeds the maximum amount of money, including any attorneys' fees or court costs, that the law would entitle the plaintiff to recover if she prevailed and a plaintiff "in a case that was *not* a class action" refuses such an offer, then a court would lose jurisdiction because she would have nothing to gain by continuing to litigate. *Wrightsell v. Cook County, Ill.*, 599 F.3d 781, 783 (7th Cir. 2010) (emphasis in original).

An offer of judgment to a named plaintiff will not moot a class that has already been certified or a class for whom a motion for class certification is pending at the time the offer is made. *United States Parole Comm'n v. Geraghty*, 455 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980); *Primax Recoveries Inc. v. Sevilla*, 324 F.3d 544, 547 (7th Cir. 2003). The reasoning behind these exceptions to the ordinary mootness rule is based on the nature of class actions and the named plaintiff's dual role as an individual plaintiff and a representative of the absent class members, whose interests would remain at stake regardless of the named plaintiff's individual interest. *Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1043-44 (7th Cir. 2007).

This case, however, presents a different mootness problem. Although Greystone initially attempted to pick off the named plaintiff, its most recent Rule 68 offer was an offer made to the *entire class*. Because § 1692k(a)(2) places a cap on statutory damages, if Greystone's net worth actually is less than $200,000 as it claims, then it has made an offer that exceeds what the class could recover as a class, which would seem to deprive the Court of jurisdiction. *See Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999). The Court remains under an obligation to police its own jurisdiction, *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006), so even though Greystone failed to properly support its motion for summary judgment, it must address the argument that the Rule 68 offer to the class deprives the Court of jurisdiction. For the purposes of this analysis, the Court will presume that Greystone accurately states its net worth.

The Seventh Circuit has recognized that Rule 68 offers are problematic in the class-action context, but has not gone so far as to hold that Rule 68 offers are not applicable in this context. *Wrightsell*, 599 F.3d at 783. The Court, however, has found no case and neither party has pointed

4

it to a case in which the Seventh Circuit — or any federal court — has addressed the impact of a Rule 68 offer made to the class as a whole.

Consequently, the starting point for the Court's analysis is the concept of mootness. A case becomes moot when the parties cease to have a "personal stake" in the outcome. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990); *Gates v. City of Chicago*, 623 F.3d 389, 413 (7th Cir. 2010). As noted in the Court's Summary Judgment Order, Greystone's Rule 68 offer exceeds what the class could reasonably recover *as a class*. In that sense, the Rule 68 offer eliminated the class's stake in the litigation.

In a Rule 23(b)(3) class action, however, each class member has the option to opt out of the class and pursue the claim as an individual. In this case, each class member who pursues a § 1692e(11) claim as an individual, could recover $1000 in statutory damages, plus attorney's fees, which is obviously more than the class member would have recovered had Smith accepted the Rule 68 offer. And Rule 23(e) requires the Court not only to determine if the offer were fair to the absent class members but also to give those absent members the opportunity to opt out to pursue their claims as individuals. Fed. R. Civ. P. 23(e). In addition, had Smith accepted the offer, class members would have a right to object at a settlement hearing to the proposed settlement. *Wrightsell*, 599 F.3d at 784. Because of the Court's duty to protect the interests of the absent class members and because of the absent class members' ability to opt out of the litigation, even after the Rule 68 offer had been rejected, the class members *as individuals* had a personal stake in the litigation.

Greystone suggests that the Court errs in analyzing the question of whether its Rule 68 offer mooted the plaintiff class's claims as if it were a motion to enforce a settlement. If Rule 23 grants

absent class members the right to opt out of any proposed settlement prior to that settlement binding their rights, the Court cannot see how absent class members would not also have the right to opt out prior to having their rights in the litigation extinguished because a class representative declines a settlement offer, particularly when those class members continue to have individualized personal stakes in the litigation. Greystone's motion to reconsider simply neglects to address the tension between the class's interest in proceeding as a class and the class members' individual interests. *See, e.g., Wrightsell*, 599 F.3d at 784 (noting that a class representative's settlement of his individual claim might coexist with a duty as a class representative to appeal on behalf of the class). Greystone's Rule 68 offer may indeed moot the class members' interest as a class, but it does not moot their interest as individuals. Thus, there continues to be an actual controversy between the parties.

That being said, Greystone raises a final argument. If the Rule 68 offer moots the class members' interest as a class, then a class action would no longer be a superior method for adjudicating the claims of the class and the class should be decertified. Here the class is in a different posture than it was when the Court rejected Greystone's arguments concerning the certification of the class. The Court noted that the fact that an individual might recover a smaller sum as a class member is an insufficient reason to conclude that a class action is not a superior method for adjudicating the claims. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). Here, however, if Greystone's net worth is in fact less than $200,000, then the class claims are moot by virtue of the rejected Rule 68 offer, and the Court has lost jurisdiction over the class claim. In order to protect any remaining personal stake in the litigation, the absent class members must necessarily proceed as individuals and opt out of the litigation. A court has discretionary power

to amend or alter a class definition any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C). The Court, however, has granted summary judgment on behalf of the plaintiff class on its § 1692e(11) claim. The Court therefore VACATES the portion of its March 29, 2011 order as it relates to the § 1692e(11) class claims. The Court will accept a motion by Greystone to decertify the class on the basis that the claims of the class are moot given its prior Rule 68 offer and Greystone's net worth.[1]

Greystone finally argues that the Court erred in granting summary judgment to Smith on her § 1692e(11) claim. Greystone argues that the Court erred in concluding that Smith did not have to submit any extrinsic evidence in support of her § 1692e(11) claims. Greystone simply argues that violations of § 1692e(11) are fact issues and therefore not appropriate for resolution on summary judgment merely on the Court's "interpretation of Greystone's call policy." That argument plainly ignores Seventh Circuit precedent, as noted by the Court in its Summary Judgment Order. *See Ruth v. Triumph P'Ship*, 577 F.3d 790, 800-01 (7th Cir. 2009) (holding that FDCPA claims alleging deceptive statements fall into three categories, including those where the statements are plainly misleading where extrinsic evidence is not necessary to prove what is already clear). Greystone makes not even a cursory argument addressing *Ruth* or the Court's reasoning that failing to identify itself as a debt collector, as § 1692e(11) requires, cannot be anything but misleading as its name contains no indication that it is a debt collector. Greystone also argues that the Court's holding is at odds with § 1692b(5). In essence, Greystone argues that it did not comply with § 1692e(11) because to do so would cause it to violate the statute. Even if Greystone raised this argument in its summary judgment materials (which it didn't), courts have rejected such arguments and so does this

---

[1] To be clear, the only issue for a motion to decertify concerns whether Greystone's net worth really is less than $200,000.

Court. *See, e.g., Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1353-54 (11th Cir. 2009) (holding that a party cannot reasonably argue that it had to violate the Act to comply with it).

Accordingly, the Court DENIES Greystone's motion to reconsider its Summary Judgment Order in favor of Smith's individual § 1692e(11) claims.

IT IS SO ORDERED.

5/27/11
Dated

Hon. William J. Hibbler
U.S. District Court