

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5585 | **DATE** | August 23, 2011 |
| **CASE TITLE** | Smith v. Greystone Alliance LLC | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Plaintiffs' Motion to Compel (doc. # 116).

■[ For further details see below.]                                    Docketing to mail notice.

---

## STATEMENT

Plaintiff, Tara Smith, moves to compel Defendant Greystone Alliance to produce data showing its Owner and resident's compensation for 2009 and 2010 and documents supporting the existence of any loans from the Owner to the company. Smith argues that the information is relevant because it may lead to information to support a fraudulent conveyance argument, which it could advance in opposition to Greystone's motion to decertify the class based upon Greystone's net worth. Greystone suggests that it has previously supplied Smith with an audited balance sheet and that is all that the law requires it to supply. The Court disagrees.

Greystone argues that Seventh Circuit precedent bars Smith from looking behind the curtain of its audited balance sheet. In support, Greystone relies on *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) and its history. Greystone, however, misreads *Sanders*. Greystone cherry picks various quotations from each of the *Sanders'* opinions to support its argument. For example, Greystone states that the statute "seeks to avoid a separate contest over damages." Greystone reasons from this and other quotations that *Sanders* stands for the proposition that a plaintiff cannot "dig into" a defendant's balance sheet in an FDCPA case. *Sanders* stands for no such proposition.

The FDCPA limits the amount a class can recover based on the defendant's net worth. 15 U.S.C. § 1692k(a)(2)(B). In *Sanders*, the plaintiff argued that the defendant's net worth should include its goodwill. *Sanders*, 209 F.3d at 1001. The plaintiff sought discovery related to defendant's goodwill. *Sanders v. Jackson*, 33 F. Supp. 2d 693, 694 (N.D. Ill. 1998). Both the district court and the Seventh Circuit held that plaintiff was not entitled to that discovery because the term "net worth" did not include goodwill, but instead meant the defendant's balance sheet net worth computed by subtracting its liabilities form its assets. *Sanders*, 209 F.3d at

## STATEMENT

1004. Each of the quotations offered by the Greystone speaks to the danger of making the calculation of net worth a difficult proposition by attempting to value something as mercurial as "goodwill." Nothing in *Sanders* even remotely stands for the proposition that a plaintiff cannot call into question the computation of that net worth or look behind the balance sheet to inquire whether the defendant fraudulently computed its net worth.

The discovery of financial information relevant to a punitive damages claim, including financial information related to the defendant's net worth, is permissible under the Federal Rules of Civil Procedure, even where a plaintiff has yet to prove a *prima facie* case showing it is entitled to punitive damages. *See, e.g., CEH, Inc. v. FV Seafarer*, 153 F.R.D. 491, 498 (D.R.I. 1994) (collecting cases). Here, Smith not only has proven a *prima facie* case, the Court has granted summary judgment in her favor on her FDCPA claim. Further, under Illinois law, a debtor fraudulently transfers an asset if it makes the transfer with the intent to hinder, delay, or defraud any creditor of the debtor or without receiving a reasonably equivalent value in exchange for the transfer. 740 ILCS 160/5(a). Whether Greystone fraudulently conveyed assets or increased its liabilities obviously affects its net worth. Greystone's argument that this information is not relevant simply is without merit.

Greystone makes additional arguments about the timeliness of Smith's request and the purposes behind them. These arguments too are without merit and do not warrant further discussion.

The Court GRANTS Smith's Motion to Compel.

Wm. J. Hibbler