Case: 1:09-cv-05585 Document #: 124 Filed: 12/29/11 Page 1 of 2 PageID #:1202

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5585 | **DATE** | December 29, 2011 |
| **CASE TITLE** | Smith v. Greystone Alliance LLC | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Defendant's Motion to Decertify (doc. #114). The Court orders the Plaintiff and Defendant to meet and confer on the content of a proposed notice to be published as an advertisement in one or more local newspapers to alert absent class members of this order. Plaintiff and Defendant shall submit a joint proposed notice to the Court on or before January 13, 2012. If Plaintiff and Defendant cannot agree on the content of such notice, each shall submit its own proposed notice on or before January 13, 2012. Status hearing set for January 18, 2012 at 9:30 a.m. to approve notice to be published.

■[ For further details see below.]      Docketing to mail notice.

## STATEMENT

    Defendant moves to decertify the class in this FDCPA claim. The Court presumes familiarity with its Summary Judgment Memorandum Opinion and Order (doc.# 104) and its Memorandum Opinion and Order (doc.# 112) regarding Defendant's Motion to Reconsider.

    The Defendant argues that the class is no longer the best way to proceed because the class claims are moot. The FDCPA imposes a cap on statutory damages for a class that is limited to a percentage of a defendant's net worth. 15 U.S.C. § 1692k(a)(2). Defendant made a Rule 68 offer to the class that purportedly exceeded the amount the class could have recovered because of the cap on damages. The named plaintiff rejected this offer on behalf of the class. Defendant now presents evidence of its net worth to demonstrate that the class claims are moot.

    The named Plaintiff does not dispute Defendant's evidence and concedes that Defendant's net worth is less than $200,000. The Court thus concludes that the class claims are moot. However, because a court has an obligation under Fed. R. Civ. P. 23 to protect the interests of absent class members, the court will not dismiss the class action, but rather decertify the class so that absent class members can pursue individual interests if they so choose.

    The named Plaintiff asks the Court to require Defendant to notify the class members that the class has been decertified. A district court presiding over a class action is a fiduciary of the class. Fed. R. Civ. P. 23(e); *Culver v. City of Milwaukee*, 277 F.3d 908, 915 (7th Cir. 2002). Because the filing of a class action tolls the statute of limitations for all members of the class, but if the suit is dismissed (or the class decertified), the statute begins to run. *Culver*, 277 F.3d at 913-14. The Seventh Circuit has made clear that under such circumstances

2011 DEC 30 PM 12:06

FILED

Page 1 of 2

## STATEMENT

notice must be given to the class of any order altering class certification unless the risk of prejudice to absent class members is "nil." *Id.* at 914-15. In other words, if it is possible that class members have learned about the suit and may not learn of the order decertifying the class, the district court must take steps to ensure adequate notice is provided to the absent class members that the statute of limitations on their claims is no longer tolled. *Id.* The facts that notice to prospective class members has not yet been sent, the case has received little publicity, that no class members have yet come forward or been identified in no way demonstrates that the chance of prejudice is nil; rather it demonstrates only that the absent class members are "probably" not aware of the suit, which is not good enough. *Id.* The absent class members must be given notice of this order.

Plaintiff argues that Defendant should pay for that notice. The Court disagrees. In this case, counsel for the named Plaintiff chose to file a motion to certify the class and never asked the Court to withhold ruling on that motion until discovery as to Defendant's net worth was complete. And when the Defendant made a Rule 68 offer that it claimed would have exceeded the amount the class could have recovered as a class, counsel for Plaintiff never asked either the Defendant or the Court for time to consider the offer in light of Defendant's argument that rejection of the offer would moot the class claims. Instead, counsel for the Plaintiff rejected that offer. In other words, it was counsel for the Plaintiff who pursued treatment as a class and whose decision to reject Defendant's Rule 68 offer made decertification necessary to protect the absent class members, and so it should be Plaintiff who provides notice to the class. *Culver* implies that the burden and cost of notifying absent class members of a decertification order falls upon the plaintiff. *Culver*, 277 F.3d at 915 ("since the cost of the notice will be borne by [class counsel] or her client, it might seem that if she wants the class members notified she should go ahead and do it without bothering the district court or us."). Other courts in this circuit have placed the burden of supplying notice of decertification on plaintiffs. *See, e.g., Kartman v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 2444788, *2 S.D. Ind. Jun. 14, 2011) (ordering plaintiffs' counsel to arrange for notice); *Kelly v. Capital one, N.A.*, 717 F. Supp. 2d 805, 808 (E.D. Wis. 2010) (noting that the court should have ordered plaintiffs to provide notice of decertification); *Clarke v. Ford Motor Co.*, 228 F.R.D. 631, 637 (E.D. Wis. 2005) (holding that it would "not require class counsel to notify class members of the decertification order."); *Barner v. City of Harvey*, No. 95 C 3316, 2004 WL 2092009, at * 7 (N.D. Ill. Sep. 15, 2004) (ordering plaintiffs to file proposed notice of decertification). The cost of notification must be borne by plaintiff or her counsel.

Finally, Plaintiff argues, in a single sentence, that Defendant should be ordered to provide plaintiff the class list with the most current addresses. Plaintiff provides no reason whatsoever why such a list is necessary to provide adequate notice. As noted earlier, absent class members were never notified of this suit and this case received little, if any, publicity. While the chance of prejudice to absent class members is not "nil," it is extremely small. In a case where there was some publicity prior to decertification, a court allowed for notice by publication in a local newspaper. *Kartman*, 2011 WL 2444788 at *2. In the absence of any argument by Plaintiff that any absent class member is likely to have learned of this lawsuit or that notice by publication would not be sufficient to protect absent class members, the Court will not order Defendant to sift through its records for the Plaintiff.

Instead, the Court orders the Plaintiff and Defendant to meet and confer on the content of a proposed notice to be published as an advertisement in one or more local newspapers to alert absent class members of this order. Plaintiff and Defendant shall submit a joint proposed notice to the Court on or before January 13, 2012. If Plaintiff and Defendant cannot agree on the content of such notice, each shall submit its own proposed notice on or before January 13, 2012.

*/s/ Wm. J. Hibbler*