IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARA SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09 C 5585 |
| | ) |
| GREYSTONE ALLIANCE LLC, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

This is one of the cases reassigned to this Court's calendar via random assignment following the untimely death of its good friend and colleague Honorable William Hibbler. This Court's review of the Court docket (the checkered history of the litigation has generated more than 130 entries), supplemented by a just-held status hearing, has disclosed the pendency of a fully briefed motion for reconsideration of Judge Hibbler's December 29, 2011 memorandum order (the "Order," Dkt. 124). This memorandum opinion and order reflects a threshold approach that would appear to facilitate the ultimate (and, it is hoped, prompt) ultimate resolution of the motion.

First, Judge Hibbler's decertification of the class in the Order has created a situation in which the limitations clock is again ticking against putative plaintiffs--persons who were potential class members.[1] To minimize any resulting prejudice to

---

[1] It should be emphasized that no view is expressed here as to the viability of the claims of the individual plaintiff or of the putative class members. Instead the interim measures next

such persons, this Court finds that plaintiff's request to avoid the continued running of that time clock while the current motion is pending is entirely reasonable. Accordingly this Court hereby grants the motion for reconsideration, vacates the class decertification order and recertifies the class (steps that are obviously intended as a short-term measure pending final determination of the issues posed by the current motion).

Next, this Court has noted this statement in plaintiff Tara Smith's Response to Greystone's Motion for Decertification (Dkt. 122):

> During the pendency of this litigation, Greystone has doubled its revenue, entered into a new and more expensive lease and increased its costs across the board. Surprisingly, it appears that Greystone's boom in business and its plans for expansion have lowered its net worth.

Debt collector Greystone's heretofore-successful motion for decertification has obviously proceeded on the premise that changes in a putative defendant's net worth during the course of potential class litigation may properly be considered in applying the statutory cap of 1% of such net worth (see, e.g., <u>Mace v. Van Ru Credit Corp.</u>, 109 F.3d 338, 344 (7th Cir. 1997)). And the reference in <u>Mace</u>, <u>id</u>. to "the most recent financial statements of defendants" for that purpose certainly appears to indicate that the 1% damage cap may shift during the course of litigation,

---

discussed in the text are intended to maintain the status quo while the issues are sorted out.

rather than being an immutably fixed figure.

Accordingly this Court also orders Greystone to produce its own "most recent financial statements."[2] That filing is to be made on or before April 23, with a status hearing set for 8:45 a.m. April 26, 2012 to discuss the matters addressed here and anything further that the parties view as needed for ultimate resolution of the issues.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 13, 2012

---

[2]  That plural reference to "statements" would appear to call for providing profit and loss information as well as a static balance sheet, for the information conveyed by the former may well cast light on how the latter jibes or does not jibe with the purpose of the statutory cap.