# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TARA SMITH, | |
| Plaintiff, | |
| v. | No. 09 C 5585 |
| GREYSTONE ALLIANCE, INC., | Judge Thomas M. Durkin |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Tara Smith alleges that Greystone Alliance, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, when Greystone (1) left her voicemail messages about a debt and failed to disclose that Greystone was a debt collector (Count I alleging violations of §§ 1692e and 1692f); (2) communicated with a third party about Smith's debt (Count II alleging violation of § 1692c(b)); (3) harassed Smith about the debt (Count II alleging violation of § 1692d); and (4) used deceptive means to attempt to convince Smith to pay the debt (Count II alleging violation of § 1692e). *See* R. 1. Smith seeks both statutory and actual damages. *Id.* at 5. On March 29, 2011, the Court (1) granted summary judgment to Greystone on Smith's § 1692f claim in Count I; (2) granted summary judgment to Smith on her § 1692e claim in Count I; and (3) denied summary judgment to both parties on Count II. *See* R. 104 (2011 WL 1303377 (N.D. Ill. Mar. 29, 2011) (Hibbler, J.)). The Court

subsequently denied Greystone's motion for reconsideration. *See* R. 112 at 7-8 (2011 WL 2160886, at *4 (N.D. Ill. May 27, 2011) (Hibbler, J.)).[1]

After the case was reassigned to the undersigned Judge, Greystone moved to dismiss both Counts I and II pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that settlement offers Greystone made to Smith during the course of the litigation mooted her claims and deprived the Court of subject-matter jurisdiction. R. 178. The Court granted that motion, *see* R. 194 (2014 WL 1097701 (N.D. Ill. Mar. 20, 2014)), and in the course of that ruling the Court also held that "Smith's allegations and testimony are insufficient to establish that she suffered any actual emotional damages." R. 194 at 7 (2014 WL 1097701, at *3). The Seventh Circuit reversed. *See* R. 208 (772 F.3d 448 (7th Cir. 2014)).

Greystone has now again moved for summary judgment on the claims Judge Hibbler previously addressed. *See* R. 241. At the motion hearing on April 7, 2015, Smith argued that such a motion was foreclosed by Judge Hibbler's earlier grant of summary judgment to Smith on Count I and denial of summary judgment as to both parties on Count II. *See* R. 247 at 4. The Court permitted Smith to file a "motion to

---

[1] Smith alleged Count I on behalf of herself and a class, and Count II on behalf of herself only. *See* R. 1. At the time Judge Hibbler granted summary judgment to Smith on Count I, he also granted summary judgment to the class. *See* R. 104 at 8. On Greystone's motion for reconsideration, Judge Hibbler vacated his grant of summary judgment to the class but affirmed his grant of summary judgment to Smith on her § 1692e(11) claim in Count I. *See* R. 112. Judge Hibbler never expressly addressed Smith's § 1692e claim in Count II, and neither have the parties. The Court understands (and presumes that the parties also understand) Judge Hibbler to have granted summary judgment to Smith on her § 1692e claims, as stated in *both* Count I and Count II, and denied summary to both sides on Smith's § 1692c(b) and § 1692d claims, as stated in Count II.

strike" Greystone's motion for summary judgment that would permit the Court to decide "the preclusive effects of Judge Hibbler's [earlier] orders," because a ruling on that issue has the potential to obviate the need to address the substance of Greystone's renewed summary judgment motion. *See id.* at 7. Smith filed the motion contemplated at the April 7 hearing on April 30, 2015. R. 245. For the following reasons, Smith's motion is granted in part and denied in part.

**Legal Standard**

"[T]he law of the case doctrine embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination." *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). "The presumption against reopening matters already decided . . . . holds when a case is reassigned from one judge to another." *Id.*

To the extent it is relevant to determining whether there is a compelling reason to revisit Judge Hibbler's summary judgment orders, the Court notes that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013). To defeat summary judgment, a nonmovant must produce more than "a mere scintilla

3

of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Analysis

Smith argues that Judge Hibbler's prior orders are the law of the case and foreclose Greystone's renewed summary judgment motion. *See* R. 245. Greystone argues that the Court should reexamine Judge Hibbler's orders because he erred in granting summary judgment to Smith with respect to her § 1692e claim in Count I, and in denying summary judgment to Greystone with respect to Smith's § 1692c(b) and § 1692d claims in Count II. *See* R. 246. Greystone also argues that it should be permitted to move for summary judgment with regard to Smith's ability to seek actual damages. *Id.* at 15.

### A. Claim Under § 1692e

Under 15 U.S.C. § 1692e, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Specifically, debt collectors violate this section if they "fail[] to disclose in the initial written communication . . . [or] oral communication, that the debt collector is attempting to collect a debt . . . [and] in subsequent communications that the communication is from a debt collector." *Id.* § 1692e(11). To succeed on a claim under § 1692e, a plaintiff must prove that the debt collector's statement was false or

4

misleading and material. *See Hahn v. Triumph P'ships*, 557 F.3d 755, 757 (7th Cir. 2009). "Courts routinely employ a 'least sophisticated debtor' standard when deciding if debt collection violates the FDCPA." *Jensen v. Pressler & Pressler*, 2015 WL 3953754, at *3 (7th Cir. June 30, 2015).

In Count I, Smith alleges that Greystone violated § 1692e because Greystone left her a voicemail that did not "disclose that the message [was] from a debt collector." R. 1 ¶ 21. In litigating the cross summary judgment motions before Judge Hibbler, Greystone admitted that it left the following voicemail for Smith on August 14, 2009:

> Good evening. This is a message intended for Ms. Tara Smith. Tara, my name is Mr. Garner, and I represent the office of Greystone Alliance. I've been asked to get in contact with you in regards to a file that's been placed in my office for my review. I would like to take some time to talk to you about it. If you have legal counsel, I'll gladly talk to them. My telephone number that you can reach me is 716-218-4800, extension 2018. Again, my name is Mr. Garner. You can call a toll-free number if you need to; it is 1-877-789-1770. I am in Buffalo, New York, so I'm on Eastern time. I do look forward to your return phone call.

R. 80 ¶ 5. Based on this admission, Judge Hibbler held that the "undisputed facts demonstrate that when Greystone first called Smith it failed to communicate to her that it was a debt collector," and that a statement with such an omission was "plainly misleading." R. 104 at 17. Judge Hibbler also held that when "a debt collector fails to adequately disclose that it is a debt collector, the Court cannot see how that omission is anything but material to the question of whether an

5

unsophisticated consumer would be confused about whether the caller was a debt collector." *Id.* at 13.

Greystone argues that its "alleged communications in this case were arguably plainly and clearly *not* misleading," in which case Judge Hibbler erred in not requiring Smith to produce extrinsic evidence that the statements were misleading. R. 246 at 9; *see Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009) (In "cases involve[ing] statements that are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer," a plaintiff may only satisfy her burden by "producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive."). But Greystone does not explain how a reasonable juror could conclude that the August 14 voicemail was not misleading. It is undisputed that Greystone's agent left the message in order to collect a debt and failed to state the call's purpose or identify himself as a debt collector. A message that does not explain its purpose is ambiguous and confusing on its face, and would certainly confuse the unsophisticated consumer. Thus, Greystone has failed to demonstrate that Judge Hibbler erred in holding that the August 14 voicemail was "plainly misleading" without the benefit of extrinsic evidence.

Greystone also argues that "Judge Hibbler erred in failing to determine materiality." R. 246 at 14. But as noted above, Judge Hibbler expressly held that Greystone's failure to identify itself as a debt collector in the August 14 voicemail was material. *See* R. 104 at 13. Greystone argues that this holding was error

6

because "there is no evidence that Plaintiff's ability to intelligently choose her action concerning her debt was affected – nor has Plaintiff articulated any different action she might have chosen had different word[s] been used." R. 246 at 14. Greystone's message, however, clearly affected Smith's ability to respond to the message since the message failed to reveal its purpose and that the person leaving the message was a debt collector. The purpose of the message is the epitome of materiality because Smith could not intelligently decide how to respond without knowing what the message concerned. *See Jensen*, 2015 WL 3953754, at *5 ("the FDCPA was designed to give debtors reliable information so that they can make informed decisions about how to address debts").

In any event, in a case decided after Judge Hibbler's summary judgment ruling, the Seventh Circuit noted that unlike other subsections of § 1692e that prohibit certain affirmative misrepresentations by debt collectors, subsection (11) prohibits the *omission* of the fact that a debt collector is sending the communication. *See Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (7th Cir. 2012). Based on this distinction, the Seventh Circuit held that "whether a materiality requirement attaches to other violations of § 1692e has no impact on . . . allegations that [a debt collector] violated § 1692e(11)." *Id.* Thus, Greystone's concerns about materiality are irrelevant here.

Greystone also notes that its agents always identified themselves as Greystone agents in their communications with Smith, and "[l]eaving only the name of the company might satisfy the FDCPA if the name was sufficiently specific to

7

alert the consumer to the nature of the call." R. 246 at 12. This may be true, but Judge Hibbler held that "Greystone's name did not imply that it was a collection agency." R. 104 at 11. There is no clear error in Judge Hibbler's holding that the name "Greystone Alliance" does not convey the information that Greystone is a debt collector.

Greystone contends that even if it did not identify itself as a debt collector in the August 14 voicemail, "the overall history of communication between Greystone and [Smith] . . . demonstrate that Plaintiff knew Greystone was a debt collector." R. 246 at 13. Specifically, Greystone argues that the fact that Greystone identified itself as a debt collector in subsequent communications "was sufficient to inform [Smith] that the communication was from a debt collector." *Id.* at 14. But it is undisputed that the first communication Smith received—the August 14 voicemail—did not state the purpose of the message or identify Greystone as a debt collector. Greystone's later communications with Smith do not rectify the omissions in the first voicemail. Judge Hibbler held that this fact was enough to grant summary judgment to Smith on her claim under § 1692e(11), and Greystone has not identified any clear error in this holding.

Additionally, Judge Hibbler noted that Greystone sent Smith a letter on August 13, 2009—the day before the August 14 voicemail—that identified Greystone as a debt collector. *See* 104 at 1, 12. Judge Hibbler held that it was "not reasonable to infer that [Smith] had received the letter by" the time she received the August 14 voicemail, and "[e]ven if she had received the letter, nothing in the record

8

suggests that Smith reviewed the letter prior to listening to the messages Greystone left for her." R. 104 at 12. Nevertheless, even if Smith had received and read the letter identifying Greystone as a debt collector, Judge Hibbler also held that § 1692e(11) regulates "disclosures in *subsequent* communications, notwithstanding the fact that these disclosures were made previously in a collector's initial communication." R. 104 at 11 (emphasis added). "Under Greystone's theory, all a debt collector would ever have to do to comply with the 'subsequent communications' prong of § 1692e(11) is to make the initial disclosures," but this "would effectively read the language requiring disclosures in subsequent communications out of the statute." *Id.*

Greystone contends that its theory is supported by *Foti v. NCO Financial Systems, Inc.*, in which—according to Greystone—the court "dismiss[ed] the plaintiff's claims under Section 1692e(11) based on subsequent communications wherein the defendant identified itself by its corporate name alone." R. 246 at 13 (citing 424 F. Supp. 2d 643, 669-70 (S.D.N.Y. 2006)). In actuality, however, the court in *Foti* denied the debt collector's motion to dismiss relying on the same analysis of § 1692e(11) as Judge Hibbler, reasoning that a theory like Greystone's "would eviscerate the statute's protections in subsequent communications, placing the burden on the consumer to recall the first communication and draw the connection to the second communication." 424 F. Supp. 2d at 669. Greystone has not raised any other argument that Judge Hibbler's holding regarding § 1692e(11) is clearly erroneous, so the Court will not revisit his order now.

**B.     Bona Fide Error Defense Under § 1692k(c)**

Under 15 U.S.C. § 1692k(c), a "debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Greystone argues that it can invoke this defense with respect to Smith's claim under § 1692e(11) because the Greystone agent who left the August 14 voicemail for Smith failed to comply with Greystone's policy. R. 243 at 17-18. Greystone contends that its policy requires its agents to state that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." R. 243 at 18; *see also* R. 241-5 at 4 (GRY 006). Judge Hibbler, however, noted that Greystone's policy permits its agents to omit this information after a "[r]ight party contact has been established." *See* R. 241-5 at 3 (GRY 005); R. 104 at 14. Judge Hibbler correctly held that this policy does not comply with § 1692e(11), which requires that a debt collector identify him or herself as such even in subsequent communications. Thus, there is no reason to revisit his order that the bona error defense under § 1692k(c) is not available to Greystone.

**C.     Claim Under § 1692c(b)**

Under 15 U.S.C. § 1692c(b), "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." In

10

Count II, Smith alleges that Greystone violated this section by communicating with her business partner, Oneta Sampson, regarding Smith's debt. R. 1 ¶ 31. Specifically, Sampson testified that the Greystone agent told her that "[she] should know who [she was] in business with," R. 61-7 at 40 (11:3-4), and Smith testified that Greystone's agent told her that Sampson had said she was "not pleased with Ms. Smith regarding this matter." *Id.* at 9 (32:9-16); *see also* R. 1 ¶¶ 10, 15. Judge Hibbler held that these statements would be sufficient to establish Greystone's liability under § 1692c(b), but that there was a genuine factual dispute regarding whether Greystone's agents made these statements, requiring denial of summary judgment to both parties. R. 104 at 19.

Greystone argues that "[b]ecause it is undisputed that Greystone did not disclose any information regarding [Smith's] debt, Greystone is entitled to summary judgment on [Smith's] Section 1692c(b) claim." R. 243 at 14. Greystone cites a recent district court decision holding that the debt collector did not violate § 1692c(b) even though the debt collector left a voicemail on the debtor's phone in an attempt to collect a debt that was accessed by the debtor's son. *See Zweigenhaft v. Receivables Performance Mgmt., Inc.*, 2014 WL 6085912, at *3 (E.D.N.Y. Nov. 13, 2014). The voicemail in *Zweigenhaft*, however, "never mentioned [that the debtor] owed a debt, never disclosed information about any debt, and an audio review of the conversation shows that the [caller] was thoroughly professional and courteous." *Id.* at *4. Here, by contrast, Judge Hibbler found that Greystone's alleged statements to Sampson were sufficient for a reasonable "jury [to] infer that [Greystone] told

11

Sampson about Smith's debt." R. 104 at 19. The Court agrees with Judge Hibbler's holding that this is a reasonable inference, and sees no reason to revisit his ruling denying Greystone's motion for summary judgment regarding Smith's claim under § 1692c(b).

**D.     Claim Under § 1692d**

Under 15 U.S.C. § 1692d, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Smith alleges that "Greystone knew that it was calling Ms. Sampson's telephone number as it had already spoken to Ms. Smith regarding the purported debt, had already admitted it called Ms. Smith's business partner in order for her to know who she was doing business with and already refused to stop calling Ms. Sampson." R. 1 ¶ 18. Greystone argues that the "limited amount of telephone calls placed by Greystone cannot violate Section 1692d as a matter of law," and cites a page full of cases to support this proposition. R. 243 at 15. But as Judge Hibbler noted, Greystone's argument based on the number of calls it made "ignor[es] . . . [Smith's] claim that the *tactics* [Greystone] used violated § 1692d." R. 104 at 19 (emphasis added). Judge Hibbler held that "if a jury concluded that [Greystone's agents'] comments to Sampson were designed to fracture Smith's business relationship[,] that is a tactic designed to harass, oppress, or abuse Smith in connection with Greystone's effort to collect a debt." *Id.* The Court again agrees with Judge Hibbler's holding that this is a reasonable inference, and sees no reason

to revisit his ruling denying Greystone's motion for summary judgment regarding Smith's claim under § 1692d.

E.  **Actual Damages**

Greystone also argues that the Court "should also rule on [Greystone's] motion for summary judgment as to [Smith's] claims . . . for actual damages." R. 246 at 15. Judge Hibbler does not appear to have made a ruling with respect to actual damages in his opinion and order of March 29, 2011. *See* R. 104. And Smith does not address the issue in her motion to strike. *See* R. 245; R. 248. Thus, Smith must respond to Greystone's motion for summary judgment on the issue of actual damages.

As noted above, in granting Greystone's motion to dismiss, the Court held that "Smith's allegations and testimony are insufficient to establish that she suffered any actual emotional damages." R. 194 at 7 (2014 WL 1097701, at *3). It is unclear what the significance of this ruling is in light of the Seventh Circuit's reversal and remand. The parties should address this issue, in addition to the substantive issues, in the remaining briefing on Greystone's motion.

## Conclusion

For the foregoing reasons, Smith's "motion to strike," R. 245, (1) is granted to the extent that the Court will not revisit the Court's earlier grant of summary judgment to Smith on Count I and denial of summary judgment to both parties on Count II, and (2) is denied to the extent that Smith must respond to Greystone's summary judgment motion on the issue of actual damages. Smith has 21 days to

13

respond to Greystone's motion regarding actual damages, and Greystone has 7 days to reply. In completing this briefing and litigating this case further, the parties should endeavor to ensure that this case that is nearly six years old reaches a prompt resolution.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: July 15, 2015