# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TARA SMITH, | |
| Plaintiff, | |
| v. | No. 09 C 5585 |
| GREYSTONE ALLIANCE, INC., | Judge Thomas M. Durkin |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Tara Smith alleges that Greystone Alliance, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, when Greystone (1) left her voicemail messages about a debt and failed to disclose that Greystone was a debt collector (Count I alleging violations of §§ 1692e and 1692f); (2) communicated with a third party about Smith's debt (Count II alleging violation of § 1692c(b)); (3) harassed Smith about the debt (Count II alleging violation of § 1692d); and (4) used deceptive means to attempt to convince Smith to pay the debt (Count II alleging violation of § 1692e). *See* R. 1. Smith seeks both statutory and actual damages. *Id.* at 5.

This case has given rise to a number of opinions from this Court (both from the undersigned judge, and Judges Hibbler and Shadur, the previous judges on the case), as well as an opinion from the Seventh Circuit. The Court will not recount the full procedural history here. Suffice it to say, on July 15, 2015, in response to a summary judgment motion from Greystone and a motion to strike from Smith, the

Court held that it would not revisit Judge Hibbler's earlier grant of summary judgment to Smith on Count I and denial of summary judgment to both parties on Count II. *See* R. 249 (2015 WL 4325495 (N.D. Ill. July 15, 2015)). The Court also ordered the parties to more fully brief Greystone's summary judgment motion (R. 241) on the issue of whether Smith had identified sufficient evidence for a jury to find that Greystone caused her emotional damages. *See id.* The parties submitted this additional briefing, and the issue of Greystone's motion for summary judgment on Smith's claim for emotional damages is now before the Court. For the following reasons, the motion is denied.

**Analysis**

In Judge Hibbler's order of March 29, 2011, he held that "Smith has adequately described the emotional distress she suffered," and denied Greystone's motion for summary judgment on that issue. R. 104 at 20 n.11 (2011 WL 1303377, at *10 n.11 (N.D. Ill. Mar. 29, 2011)). Smith argues that Judge Hibbler's decision is the law of the case and forecloses Greystone's renewed summary judgment motion. Greystone argues that the Court should reconsider and reverse Judge Hibbler's order because the evidence of emotional damages Smith has identified is legally insufficient for a jury to find in her favor. Greystone also points out that the Court already reconsidered Judge Hibbler's decision on emotional damages in an opinion issued three years later, in which the Court found that "Smith's allegations and testimony are insufficient to establish that she suffered any actual emotional damages." R. 194 at 7 (2014 WL 1097701, at *3 (N.D. Ill. Mar. 20, 2014)) (the

"March 20 Order"). Greystone contends that the Court's finding in the March 20 Order should supersede Judge Hibbler's order as the law of the case.

"[T]he law of the case doctrine embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination." *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). A district court, however, has "discretion to reconsider an interlocutory judgment or order at any time prior to final judgment." *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (internal quotation and citation omitted); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."); *Janusz v. City of Chicago*, 78 F. Supp. 3d 782, 787 (N.D. Ill. 2015) ("The court has the inherent authority to reconsider its interlocutory orders because such orders may be revised at any time before the entirety of judgment adjudicating all the claims.").

The Court finds Judge Hibbler's order is the law of the case and that its March 20 Order was in error. There is no clear error in Judge Hibbler's order, whereas the Court has subsequently questioned its analysis contained in the March 20 Order. In *Slick v. Portfolio Recovery Associates, LLC*, this Court was faced with a factual record similar to that in this case and held the following:

> The Court is mindful of the cases rejecting claims for emotional distress and actual damages. *See Smith,* 2014

3

> WL 1097701, at *3) (collecting cases); *Crafton v. Law Firm of Johnathan B. Levine,* 957 F. Supp. 2d 992, 1001-02 (E.D. Wis. 2013) (granting summary judgment in favor of the defendant on plaintiff's actual damage claim because there was insufficient evidence of both emotional distress and causation). However, the person who can best describe the effects of [the defendant's] activities on [the plaintiff] is [the plaintiff] herself. Others may surmise that [the plaintiff] felt a certain way and describe [the plaintiff's] conduct after the events in question, but arguably, [the plaintiff] alone knows for sure. That is why the Seventh Circuit has repeatedly explained that "evidence presented in a 'self-serving' affidavit or deposition is enough to thwart a summary judgment motion." *Kellar v. Summit Seating Inc.,* 664 F.3d 169, 175 (7th Cir. 2011); *see Berry v. Chi. Transit Auth.,* 618 F.3d 688, 691 (7th Cir. 2010) ("[W]e long ago buried—or at least tried to bury—the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.' If based on personal knowledge or firsthand experience, such testimony can be evidence of disputed material facts."). Keeping that in mind, [the defendant] has still set forth a compelling argument, and the Court is presented with a very close question. Even so, the Court is addressing a summary judgment [motion] and all factual disputes and inferences must be taken in [the plaintiff's] favor. [The plaintiff] has testified to particular symptoms she has suffered, when she began experiencing them, what she did in an attempt to alleviate them (e.g., spoke to a psychotherapist), and how the events in question have affected her life. That amount of detail, coupled with the fact she saw a medical health professional, *cf. Stevens v. Hous. Auth. of S. Bend, Ind.,* 663 F.3d 300, 308-09 (7th Cir. 2011), allows [the plaintiff] to defeat [the defendant's] motion for summary judgment on actual damages—albeit barely.

2014 WL 4100416, at *10 (N.D. Ill. Aug. 20, 2014).

The Court finds that its reasoning in *Slick* is applicable to Smith's case as well. Smith testified to the following relevant to emotional damages:

4

> Q. And after [the date Smith first received a call from Greystone], how did the amount of stress in your life change?
> A. Tremendously. I was pregnant at the time. I was five months pregnant when he called me, and I was—you know, I couldn't sleep, I couldn't eat. I was embarrassed of the fact that he called my business partner and gave her information that was not regarding my business.
>
> . . . .
>
> Q. Did you consult your doctor regarding any of the stress, inconvenience, loss of sleep or loss of appetite that you claim to have suffered?
> A. Yes.
> Q. And on what date did you consult your doctor regarding those symptoms?
> A. Approximately about two days later.

R. 185-2 at 11-12 (40:2-9, 40:21–41:3). Greystone argues that Smith's testimony is conclusory and does not meet the Seventh Circuit's standard for evidence of emotional damages. Greystone supports its argument with reference to case law the Court cited in its March 20 Order granting summary judgment to Greystone. *See Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 609 (7th Cir. 2005) (the Seventh Circuit "require[s] that when the injured party's own testimony is the only proof of emotional damages, [s]he must explain the circumstances of [her] injury in reasonable detail; [s]he cannot rely on mere conclusory statements"); *Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir. 2003) ("bare allegations by a plaintiff that the defendant's conduct made [the plaintiff] 'depressed,' 'humiliated,' or the like are not sufficient to establish injury unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action"). As is reflected in the Court's opinion in *Slick*, however, the Court has determined that it interpreted the *Ruffin-*

*Thompkins* and *Denius* cases too broadly in its March 20 Order. The conclusory statements that are insufficient under the Seventh Circuit's standard are unadorned allegations of "depression" or "embarrassment" or other similar labels of types of emotional distress. Such conclusory labels are insufficient absent additional evidence—such as the plaintiff's own testimony—describing how those general types of emotional distress were manifested in a particular plaintiff. *See Stevens v. Housing Auth. of South Bend*, 663 F.3d 300, 308 (7th Cir. 2011) (dismissing emotional damages claim because the plaintiff "concede[d] that she never sought the care of a doctor . . . or anyone else to help her cope with her emotional distress," and she "confirmed that she suffered no physical symptoms caused by her emotional distress").

However, in contrast to the general conclusory allegations at issue in *Ruffin-Thompkins* and *Denius*, Smith testified that Greystone's phone calls to her and her business partner caused her to lose sleep and appetite. Additionally, Smith testified that her susceptibility to these symptoms was exacerbated by the fact that she was pregnant at the time. The fact that Smith's business partner was informed of Smith's debt problem is also an aggravating factor. Further, Smith testified that she sought advice from her doctor about these symptoms, which bolsters her evidence of emotional distress. *Cf. Bagby x. Experian Info. Solutions, Inc.*, 162 Fed. App'x 600, 605 (7th Cir. 2006) (dismissing claim for emotional damages in part because the plaintiff "did not seek any medical or psychological treatment for the emotional distress she claims"); *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 812

(N.D. Ill. 2010) (dismissing claim for emotional damages in part because the plaintiff "admit[ed] that he did not tell his psychiatrist about [the defendant's phone] calls").

Greystone argues that the Court should disregard Smith's testimony about consulting her doctor because she has not supplied medical records or an affidavit from her doctor. But as the Court noted in *Slick*, such corroborating evidence is not necessary. *See* 2014 WL 4100416, at *10 n.15 (citing *Maremont v. Susan Fredman Design Grp., Ltd.*, 2014 WL 812401, at *7 (N.D. Ill. Mar. 3, 2014)). Greystone also argues that Smith's testimony is insufficient because "she never described what exactly she meant" when she said she experienced a lack of sleep and appetite. *See* R. 254 at 8. However, these are not ambiguous statements.

In general, Greystone contends that Smith's testimony is conclusory because she does not provide corroborating evidence of her claims. But a lack of corroboration does not require a finding that testimony is conclusory. Rather conclusory testimony is testimony that is untethered to the plaintiff's particular experience and makes only general reference to emotional distress. Such general allegations of harm cannot be tested on cross examination because there are no particular factual assertions to test. Here, by contrast, Smith has described why and how she was emotionally distressed, and what actions that distress led her to take, i.e., seeking the advice of her doctor. To the extent Greystone contends that Smith's testimony is not credible because it lacks certain detail—whether about consulting her doctor or her lack of sleep and appetite—Greystone can explore those

7

issues during cross examination at trial. That lack of detail, however, is not the kind that supports summary judgment in Greystone's favor.

## Conclusion

For the foregoing reasons, Greystone's motion for summary judgment with respect to Smith's claim for actual emotional damages is denied. A status hearing is set for November 9, 2015 at 9 A.M.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: November 2, 2015